

Edward J. Tredinnick (SBN 84033)
Keith Owens (SBN 184841)
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, CA 94104-2670
Telephone: 415.364.5540
Facsimile: 415.391.4436
Email: etredinnick@foxrothschild.com
 kowens@foxrothschild.com

**CHANGES MADE BY COURT**

**Signed and Filed: June 9, 2026**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

*Proposed Counsel for D & D Venture Group, Inc.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

In re

D & D VENTURE GROUP, INC.,

Debtor.

Case No.: 26-30496-DM

Chapter 11 (Subchapter V)

**FINAL ORDER: (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF**

Hearing Date: June 9, 2026
Hearing Time: 9:30 a.m.
Location: *via* Zoom
Judge: Hon. Dennis Montali

1

186303913

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (the "Interim Order") (i) authorizing continued use of prepetition bank accounts, (ii) granting related relief, and (iii) scheduling a final hearing to consider entry of the Final Order, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Subchapter V Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Pham Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and no objections to the relief requested having been made; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is **GRANTED**, except as is otherwise provided herein.

2. The Debtor is authorized to continue using its integrated Cash Management System as described in the Motion.

3. The Debtor is authorized to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date with the addition of a notation of "debtor-in-possession", (b) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, contracts, purchase orders and invoices), as well as Checks and other documents related to the Bank Accounts existing immediately before the Petition Date, with

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

Case: 26-30496    Doc# 22    Filed: 06/09/26    Entered: 06/09/26 16:57:00    Page 2 of 5
186303913

reference to its status as debtor-in-possession, and (c) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor-in-possession.

4. The Debtor shall maintain records of all transfers, receipts and transactions within the Cash Management System, including the Bank Accounts, so that all transfers, receipts and transactions shall be adequately and promptly documented in, and ascertainable and traceable from, the Debtor's books and records.

5. Except as otherwise expressly provided in this Order and only to the extent funds are available in each applicable Bank Account, the Banks are authorized and directed to continue to use their commercially reasonable best efforts to service and administer the Bank Accounts as accounts of the Debtor as debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all Checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

6. To the extent permitted by an order of this Court other than this Order, the Banks are authorized and directed, on an interim basis, to continue to use their commercially reasonable best efforts to honor any debits made, drawn or issued in payment of prepetition claims.

7. The Debtor is authorized to pay the Banks all post-petition ordinary course bank fees, expenses and charges in connection with the Bank Accounts and the Cash Management System.

8. The Debtor is authorized to continue using the Payment Processor's services in the ordinary course of business, including authorizing the Payment Processor to deduct their regular payment processing fees in the ordinary course of business, including offsetting the funds collected on behalf of the Debtor's product sales; provided, however, that the Payment Process shall not be entitled to offset, deduct or otherwise collect fees on account of the Payment Processor's prepetition claims..

9. The Debtor is authorized to honor pre-petition gift cards.

10. The Debtor and the Banks are authorized to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Bank Accounts.

3

11. The Debtor is authorized to open any new Bank Accounts or close any existing Bank Account as the Debtor deems necessary and appropriate in its sole discretion prior to the Final Hearing.

12. The Debtor and the Banks are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion. Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived and the Debtor is excepted from the operation of Bankruptcy Rule 6003(b), and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*** **END OF ORDER** ***

Case: 26-30496    Doc# 22    Filed: 06/09/26    Entered: 06/09/26 16:57:00    Page 4 of 5
186303913

## <u>COURT SERVICE LIST</u>

All recipients on ECF.

Case: 26-30496   Doc# 22   Filed: 06/09/26   Entered: 06/09/26 16:57:00   Page 5 of 5