**Entered on Docket**
**June 10, 2026**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Edward J. Tredinnick (SBN 84033)
Keith Owens (SBN 184841)
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, CA  94104-2670
Telephone: 415.364.5540
Facsimile: 415.391.4436
Email: etredinnick@foxrothschild.com
kowens@foxrothschild.com

*Proposed Counsel for D & D Venture Group, Inc.*

**Signed and Filed: June 10, 2026**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

In re

D & D VENTURE GROUP, INC.,

                            Debtor.

Case No.:  26-30496 (DM)

Chapter 11 (Subchapter V)

**ORDER GRANTING EMERGENCY FIRST-DAY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL PURSUANT TO § 363[1]**

Hearing

Date:        June 9, 2026
Time:       9:30 a.m.
Location:  *via* Zoom

Judge:  Hon. Dennis Montali

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.

1

On June 9th, 2026, the Court held a hearing on the Emergency First-Day Motion for Order Authorizing Interim Use of Cash Collateral [ECF 5] (the "Motion")[2] filed by Debtor-in-Possession, D & D Venture Group, Inc. (the "Debtor") in the above-captioned matter. The Motion sought entry of an order authorizing the Debtor to use Cash Collateral (as defined in the Motion) in accordance with the budget (the "Budget") attached to this Interim Order as **Exhibit A**, and to grant post-petition replacement liens to the Secured Parties (also defined in the Motion) as adequate protection.

The Court held a hearing on the Motion at the above-captioned date, time, and place. Edward J. Tredinnick of Fox Rothschild LLP appeared on behalf of the Debtor. All other appearances were as noted on the record at the hearing on the Motion.

The Court finds good and sufficient notice of the Motion has been provided by the Debtor under the circumstances. Upon due consideration and good cause appearing therefor, and it appearing that the relief in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003,

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. In order to avoid immediate and irreparable harm, and to the extent relief is set forth in this Order, the Debtor's request for wavier of the 21-day period set forth in Federal Rule of Bankruptcy Procedure 6003(b) is **GRANTED**.

3. To enable the Debtor to continue to operate its business and preserve and maximize the value of its estate, during the period from entry of this Interim Order through the entry of the Final Order, the Debtor is authorized to use the Cash Collateral, provided that any such use shall be consistent with the terms of this Interim Order and the attached Budget.

4. The Debtor shall operate its business in accordance with the Budget subject to the following permitted variances (the "Permitted Variances"). The Debtor's actual disbursements shall not exceed budgeted disbursements by more than 20% per line item, calculated on a monthly basis. The calculation of the Permitted Variances shall extend to any Final Order entered by the

---

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

2

Case: 26-30496    Doc# 25    Filed: 06/10/26    Entered: 06/10/26 10:30:25    Page 2 of 3
186303079

Court as to the Motion. For the avoidance of doubt, the Debtor may carry forward budgeted and unused disbursements set forth in the Budget for use in the immediately succeeding month.

5. In consideration for the use of the Cash Collateral, The Secured Creditors (as that term is defined in the Motion) shall have, and are hereby granted, replacement liens on all property of the Debtor acquired or to be acquired post-petition, to the extent that they are secured, and solely to the extent of any diminution in their collateral (except for claims arising under chapter 5 of the Bankruptcy Code) of the same priority, validity, and extent as held as of the Petition Date, but subordinate to claims for compensation and reimbursement of expenses of any trustee that may be appointed in this case and of professionals employed by the estate; provided, however, that Bankers Healthcare Group, LLC shall only receive such adequate protection with respect to loan(s) that are properly secured as of the Petition Date.

6. The replacement liens shall be deemed perfected by operation of law upon entry of this order, but the Secured Creditors may, in their discretion, choose to file financing statements or other documents to confirm perfection of their replacement liens.

7. Commencing on August 1, 2026, Debtor shall remit adequate protection payments to Summit State Bank in the aggregate amount of $5,000.00, which monthly amount shall increase to $10,000 commencing on and after October 1, 2026.

8. On **June 18, 2026 at 1:15 p.m., prevailing Pacific Time**, the Court will hold a hearing to determine whether Debtor shall be authorized to continue to use cash collateral on an interim and/or final basis pending confirmation of a Subchapter V plan of reorganization.

9. Any opposition to final approval of the relief requested in the Motion shall be filed and served on or before the hearing. Any opposition to the relief requested shall not exceed 10 pages, absent prior leave of the Court. This page limit shall not apply to any declaration(s) or request for judicial notice filed in support of any opposition.

10. This order shall be effective immediately upon entry.

11. The Court retains jurisdiction to interpret, enforce and implement this order.

**\*\*\* END OF ORDER\*\*\***

3